**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CARGILL, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. 3:98-cv-3601 |
| | : | |
| ABCO CONSTRUCTION, et al., | : | Chief Magistrate Judge Michael Merz |
| | : | |
| Defendants. | : | |

**PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION AND DOCUMENTS**

It is hereby ordered that this Protective Order Regarding Confidential Information and Documents shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned litigation (the "Litigation").

1. For the purpose of this Protective Order, "Discovery Material" shall mean all documents, testimony, or other information produced, subpoenaed, transcribed, given to, served upon, or filed by any Party to the Litigation in connection with formal or informal discovery, hearing, or trial proceeding (whether in the form of depositions, transcripts, interrogatory answers, document productions, responses to requests to admit, or otherwise) or in any pleading, motion, affidavit, declaration, brief, or other document submitted to the Court.

2. For the purpose of this Protective Order, "Confidential Information" shall mean Discovery Material containing financial, business or other sensitive information, marked as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C., S.D. Ohio" in accordance with Paragraph 6, which a Party believes in good faith is or contains proprietary, confidential,

commercially sensitive, or trade secret information and is entitled to confidential treatment pursuant to Fed. R. Civ. P. 26 (c) (7), or any other statute or regulation restricting disclosure. No Confidential Information or any copy, excerpt, digest, compilation, or summary thereof, or the information contained therein shall be delivered or disclosed to any person except as provided herein.

3. If any non-Party in receipt of a request, subpoena or subpoena duces tecum requesting documents or tangible things believes in good faith that the requested documents or tangible things contain Confidential Information, the non-Party may designate such material as confidential (1) by stamping the word "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio" on the document or, (2) by any other means provided for in this Protective Order. Confidential Information designated by a non-Party as "Confidential," including copies, excerpts, and summaries thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order. Any non-Party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-Party's claim of confidentiality.

4. Confidential Information shall not be used for any business, commercial, competitive, personal, or other purposes unrelated to the conduct of this litigation. Confidential Information shall not be disclosed by the person receiving it to any other person without the prior written consent of the designating Party or non-Party furnishing the Confidential Information or an order of the Court, except to the following:

    a. Counsel for the Parties in this litigation;

    b. Counsel's employees to whom it is disclosed for purposes of this Litigation;

    c. Employees or other agents of the Parties with responsibilities relating to this Litigation;

    d. Litigation consultants, contractors, and persons designated as expert witnesses to assist in the conduct of this Litigation;

   e. The Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in accordance with the terms of this Protective Order;

   f. Stenographers, or other persons preparing transcripts of testimony in this litigation;

   g. Witnesses or potential witnesses;

   h. Members of data entry, data processing, computer imaging, or commercial copy firms employed by either Party or counsel to assist in the development or use of data retrieval systems, computer imaging of documents, or copying of documents in connection with this action;

 5. With the exception of those persons designated in Paragraph 4 (e), no disclosure of Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-Party, shall be made to any person until such person has been provided with a copy of this Protective Order and such person has agreed to be bound thereto by execution of the agreement attached hereto as Exhibit A (the "Agreement"). Documents may be handled by clerical personnel, who are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc., without such personnel signing the Agreement, but such personnel shall be advised of the provisions of this Order. Documents may be handled by those firms listed in paragraph 4(h) without such personnel signing the Agreement, unless there is some identifiable risk that the firms will make improper use or disclosure of the documents, but such firms shall be advised of the provisions of this Order and counsel for the Party utilizing such firms shall maintain a list of such firms. In the event that a risk of improper use or disclosure is identified, such firm shall be provided with a copy of this Protective Order and such firm and its employees shall agree to be bound thereto by execution of the Agreement attached hereto as Exhibit A. A witness who (1) is a current or former employee of a Party that furnishes Confidential Information, (2) is a person that the document containing Confidential Information indicates on its face authored it, was

an addressee of it, or received a copy prior to the filing of the Plaintiff's complaint in this litigation, or (3) is any other witness, not otherwise covered by this Protective Order, called by a Party either for deposition or for trial, and who declines or is unable to execute a copy of Exhibit A, may, in the course of trial or deposition testimony, review Confidential Information that may be relevant to the witnesses' testimony without signing the Agreement, provided the person is instructed in writing or on the record that they are bound by the terms of the Protective Order and, upon conclusion of the deposition or trial, the document(s) are provided only to the court reporter and counsel for the Defendants, or as otherwise provided for herein, and the document(s) and related portions of the transcript are placed under seal.  Persons indicated on the face of Confidential Information as having been the authors or recipients of such documents need not execute Exhibit A before being provided access to such information provided that counsel utilizing such material maintains a list of all persons to whom the Confidential Information is shown, that such persons do not retain any copies of the Confidential Information, and are instructed that the Protective Order prohibits further disclosure of Confidential Information.  In the event that a Party or non-Party furnishing Confidential Information has a good faith belief there has been a breach of this Protective Order, that Party or non-Party may ask the Court, for good cause shown, to require the appropriate Parties to provide the Court a list of persons who received Confidential Information for purposes of enforcing the provisions of this Protective Order.  The Agreement, attached hereto as Exhibit A, shall provide for the return of all copies of the Confidential Information, not previously destroyed, at the conclusion of this Litigation, including any appeals therein, to counsel for the Party that provided the copy.  At the conclusion of this Litigation, counsel for the Party receiving the Confidential Information shall provide written notice to the Party or non-Party providing Confidential Information that all copies have been returned to the Party or non-Party or are in the custody or control of the offices of counsel for the Party receiving the Confidential Information.  Counsel for

each Party shall obtain and retain executed copies of the Agreements attached as Exhibit A from each person, other than persons designated in Paragraphs 4(b), (e) and (h) to whom it discloses any Confidential Information other than its own Confidential Information, and a list of any other person to whom Confidential Information is disclosed in accordance with the provisions of this paragraph.

6.  Any Discovery Material considered by a Party or non-Party in good faith to be confidential or to contain confidential information shall be marked "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio" in a readily visible or noticeable manner at the time the Discovery Material is furnished to the requesting Party or at any time thereafter.  The Parties recognize that due to the volume of materials that may be produced, and in an effort to expedite the production of the documents, certain documents may be inadvertently designated as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio" that are not in fact entitled to treatment as Confidential Information.  The Party receiving Confidential Information may, at any time, seek clarification of any such designation by following the conflict resolution provisions of Paragraph 11 of this Order.  Failure by the producing Party or non-Partyto designate any Discovery Material as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio" at the time of production does not constitute a waiver of confidentiality and shall not preclude later designation as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio."  In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by a stamp on each such document or response prior to production or service which reads "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio."  Any Party photocopying or otherwise duplicating Confidential Information shall ensure that the "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio" designation appears clearly on any such copies or duplicates.

7. Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party or non-Party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order. Any testimony given in any deposition herein may be designated as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio" by any Party or non-Party by making such designation on the record. A Party or non-Party may also make such designation in writing to the court reporter if the designations are made within fourteen (14) days after the transcript has been made available to the Party or non-Party making the designations, and notice of such designations is sent to all Counsel of record. The reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the words "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio," and seal it in a separate envelope. Whenever any document designated as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio" is identified as an exhibit in connection with testimony given in any deposition, it shall be so marked and separately sealed. Only persons who have executed the Agreement attached hereto as Exhibit A, and those persons designated in Paragraphs 4(b), (e) and (h) shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

8. All Parties, their counsel, and all persons designated in Paragraph 5 above who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

9. Whenever Confidential Information is to be referred to or disclosed in a hearing or

trial proceeding, any Party or non-Party may move in accordance with the Federal Rules of Civil Procedure and/or Federal Rules of Evidence that the Court exclude from the room those persons who are not authorized to receive Confidential Information under this Protective Order.  In addition, any Party or non-Party may move the Court to designate any testimony given in such hearing or trial proceeding as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio," and to require the reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the words "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio," and seal it in a separate envelope.  Whenever any document designated as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio" is identified as an exhibit in connection with testimony given in any hearing or trial proceeding in connection with this Litigation, any Party, or non-Party may move that it be so marked, if it has not previously been marked and appropriately sealed.  Where the Court rules that such material is entitled to protection from disclosure under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable law, only persons who have executed the Agreement attached hereto as Exhibit A, and those persons designated in Paragraphs 4(b), (e) and (h), shall be entitled to obtain copies of that portion of the transcript and/or exhibit.  A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

   10. All Confidential Information filed with or received by the Court shall be kept in a sealed envelope or other container marked on the outside with the title of the action, an identification of each item within and a statement as follows:

> **<u>CONFIDENTIAL</u>**
>
> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Information.  The envelope should not be opened or

>     the contents thereof disclosed or revealed other than to the Court
>     except by Order of the Court or consent of the Party making the
>     claim of confidentiality.

Any such Confidential Information shall be maintained under seal by the Clerk of Court.

     11.    Any Party may at any time notify a Party or non-Party making a claim that certain information is Confidential Information, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of its objection to the designation of any information as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio." In that event, the challenging and designating Parties (or non-Party) shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating Party or non-Party or the challenging Party may apply for an appropriate ruling from the Court. Nothing herein shall affect the initial burden of proof applicable to claims that certain information is Confidential Information, which shall be on the designating Party or non-Party to establish that the information is entitled to confidential treatment. Notwithstanding this burden, the information at issue shall continue to be treated as Confidential Information pursuant to this Protective Order until the Parties agree or the Court rules otherwise. No Party in the Litigation shall be obliged to challenge the propriety of the designation of any Confidential Information. Failure to bring such challenge shall not preclude any subsequent objection to the designation or any motion to seek permission to disclose such Confidential Information to persons not referred to in this Protective Order. Nothing herein shall affect either Party's right to seek modification of this Protective Order.

     12.    Inadvertent or unintentional disclosure of Confidential Information, or information which a Party or non-Party intends to designate as Confidential Information, shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim of confidentiality with respect to either the information so disclosed or any other related information, provided that the Party or other person

making such inadvertent disclosure gives prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered. Disclosure of the document or information by the receiving Party before a later designation as "Confidential under Protective Order in Case No. 3:98-cv-3601, US.D.C.,S.D. Ohio" shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken to protect such inadvertently disclosed information after notification is received in accordance with this Protective Order.

13. Throughout, and after the conclusion of this Litigation, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of this Court.

14. Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Information or otherwise modifying this Order, and this Order may be amended without leave of Court by the agreement of counsel for all of the Parties in the form of a filed stipulation.

15. This Protective Order is designed to: (1) facilitate discovery and production of documents in this Litigation that a Party or non-Party considers Confidential Information; and (2) preclude dissemination of Discovery Material designated in good faith as Confidential Information, prior to an agreement among the Parties or a definitive determination by the Court. It does not constitute a determination that documents or information so designated are "Confidential Information." Nothing in this Order shall prejudice in any way the right of any Party to seek a court determination of whether particular documents, information or testimony should remain subject to the terms of this Protective Order. Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

16. Within 30 days after the final termination of this Litigation, including any and all

appeals thereof: (a) all original and identical copies of Confidential Information shall promptly be returned to the Party or non-Party who provided such Confidential Information or shall be destroyed; and (b) any and all notes, abstracts, summaries, and excerpts prepared from Confidential Information shall be destroyed. Counsel for the Party receiving Confidential Information shall provide a certification in writing within five (5) days of such destruction, to counsel for all other Parties or non-Parties that such materials have been destroyed.

17. Counsel for the Parties shall use their best efforts to ensure that the provisions of the Protective Order are adhered to by the Party they represent and by those acting on its behalf.

September 20, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CARGILL, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. 3:98-cv-3601 |
| | : | |
| ABCO CONSTRUCTION, et al., | : | Chief Magistrate Judge Michael Merz |
| | : | |
| Defendants. | : | |

**CONFIDENTIALITY AGREEMENT**
**PURSUANT TO PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges that I have received a copy of the Protective Order entered in this action, to which this Agreement was attached as Exhibit A, have read it, and agree to be bound by all provisions thereof including, without limitation, that I will not use Confidential Information for any purpose not permitted by the Protective Order; that I shall return to Counsel supplying me with said Confidential Information, at the earlier of the end of my involvement or the conclusion of this Litigation, including any appeals therein, all copies of such Confidential Information that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from Confidential Information that have not previously been destroyed by me and certify to such Counsel that all Confidential Information in my possession has been returned to such Counsel or destroyed; that I shall not make any copies of Confidential Information for any purpose not permitted by the Protective Order; and, that I shall not provide Confidential Information to anyone else who has not executed this Agreement or who, pursuant to paragraph 5 of the Protective Order is not entitled to receive Confidential Information without executing this Agreement. I further understand that I shall remain bound by the Protective Order after the conclusion of this Litigation unless otherwise ordered by the Court.

**I understand that violation of this Protective Order may be punished as a contempt of court.**

Dated:_____     Signature:_____

Name:_____

Address:_____

_____

_____