IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARGILL, INC., et al.,

        Plaintiffs,

                                                  Case No. 3:98-cv-3601

    -vs-                                         Chief Magistrate Judge Michael R. Merz

ABCO CONSTRUCTION, et al.,

        Defendants.

**DECISION AND ORDER DENYING MOTION TO STAY**

        This case is before the Court on Motion of Defendant Ohio Bell Telephone to Stay Proceedings, including the trial (Doc. No. 711) which Plaintiffs oppose (Doc. No. 712).  Ohio Bell reports that Defendant IMO supports the request and other Defendants are not opposed.

        As grounds for a stay, Ohio Bell notes the pendency of its Motion to Dismiss (Doc. Nos. 707, 709) and the recently filed Motion to Dismiss of Defendant IMO Industries, Inc., (Doc. No. 710), neither of which is yet briefed, and the expected filing of similar motions by other Defendants.

        This case was filed January 30, 1998, and will thus certainly be more than eight years old when it is eventually terminated; the present and expected motions to dismiss will probably not be fully briefed by its eighth anniversary.  Without denigrating the efforts of counsel to complete the litigation, it has persisted for a long time.  On February 2, 2005, the Court entered a Second Case Management Order (Doc. No. 646) after an in-court scheduling conference.  The Court permitted Plaintiffs to file a Sixth Amended Complaint which they did on April 29, 2005 (Doc. No. 668).  The Court also ordered that dispositive motions not directed to the pleadings be filed no earlier than February 1, 2006, and not later than May 15, 2006.

        Ohio Bell's Motion to Dismiss (Doc. No. 707) was filed October 28, 2005, and Defendant IMO's (Doc. No. 710) on November 29, 2005.  Thus from the perspective of the Second Case Management Order, the Motions to Dismiss are either premature (to the extent they must be treated as summary judgment motions because supported by material outside the pleadings) or late, since motions to dismiss are required by Fed. R. Civ. P. 12

1

to be filed before pleading to a complaint and both Ohio Bell and IMO answered the Sixth Amended Complaint long ago (See Doc. Nos. 672, 676). The Court has no intention of striking the Motions on this basis and will adjudicate them in due course. The observation about the timing of their filing is made only to support the Court's conclusion: the scheduling in this case has been adjusted many times to permit counsel and the parties to attempt to resolve it or to litigate it in ways that seemed best to them. Now, however, the time has come for the Court to insist that the case remain on the schedule adopted to bring it to conclusion.

For the foregoing reasons, the Motion to Stay is DENIED.

December 1, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge