# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| CARGILL, INC., et al., | : | |
| Plaintiffs, | : | CASE NO. 3:98-cv-3601 |
| v. | : | Chief United States Magistrate Judge Michael R. Merz |
| ABCO CONSTRUCTION, INC., et al., | : | |
| Defendants. | : | |

**JOINT MOTION FOR COURT TO FILE THE SETTLEMENT AGREEMENT BETWEEN GENERAL MOTORS CORPORATION AND NCR CORPORATION UNDER SEAL AND TO MAINTAIN JURISDICTION TO HEAR AND DECIDE ANY CHALLENGES TO THE FILING OF SAID AGREEMENT UNDER SEAL**

Pursuant to the Court's Judgment, Order and Decree dated November 21, 2007 (Docket No. 744), Plaintiffs move this Court to enter the Settlement Agreement between NCR and GM ("Agreement") under seal and to retain jurisdiction to hear and decide any challenges to the filing of the Agreement under seal. A brief Memorandum of Law is attached hereto.

For the convenience of the Court, the movants have forwarded a proposed Order to the Court contemporaneously herewith. In addition, movants will manually file the Settlement Agreement under seal with the Court.

Respectfully submitted,

/s/ Vincent B. Stamp_____
Vincent B. Stamp, Trial Attorney (0013306)
Steve N. Siegel (0068434)
DINSMORE & SHOHL LLP

        255 East Fifth Street
Suite 1900
Cincinnati, Ohio 45202
(513) 977-8200

Kevin P. Braig (0061816)
DINSMORE & SHOHL LLP
One Dayton Centre
One South Main Street
Suite 1300
Dayton, Ohio 45402
(937) 449-6400

Attorneys for Plaintiffs

-2-

# MEMORANDUM OF LAW

**Introduction**

Plaintiffs filed the instant case, deemed to be complex litigation (the "Litigation"), in January 1998, against over one hundred ten (110) potentially responsible parties ("PRPs") pursuant to CERCLA Sections 107 and 113 and other state law causes of action, for expenses incurred and/or to be incurred relating to the North Sanitary Landfill Superfund Site (the "NSL Site" or the "Site").  Since that time, Plaintiffs have settled and/or dismissed all Defendants from the Litigation, except for two: Bridgestone/Firestone, Inc. ("B/F") and Amcast Industrial Corporation ("Amcast").

Bridgestone/Firestone, Inc. and Plaintiff General Motors Corporation ("GM") reached a settlement, separate and independent from the other Plaintiffs in the Litigation.  GM and Plaintiff NCR Corporation ("NCR") had been unable to reach agreement on the final allocation of costs associated with drum removal activities and future remedial activities at the NSL Site.

Rather than burden this Court with complex Superfund litigation, GM and NCR agreed upon a methodology that would submit the issues briefly described above to binding arbitration. After utilizing the services of the arbitrator for a short time, GM and NCR were able to resolve the issues between them that settle the allocation of costs between and among them and Bridgestone/Firestone, consistent with the Court's Order (Docket No. 734) and with FRCP 16(c)(16).  The Judgment, Order and Decree entered by the Court on November 21, 2007 contains the key terms and provisions of the Agreement between GM and NCR.  However, additional terms are contained in the Agreement.  These terms, while important to the enforcement of the Agreement in some areas, are such that the terms should be kept under seal, for the privacy of the parties to the Agreement, and for certain confidential business considerations discussed in the Agreement.

**Argument**

Courts have authority to seal discovery and other documents for good cause shown. However, the 6th Circuit has held that parties cannot, on their own, determine what documents should be sealed, and that a court "cannot abdicate its responsibility to oversee . . . whether the filings should be made to the public." *The Procter & Gamble Company v. Bankers Trust Company*, 78 F.3d 219, 227 (6th Cir. 1996).

GM and NCR are not adverse in this case, but decided it was in their best interests to settle any potential issues between them while this case was still active.  In order to protect certain of the terms contained in the Agreement, GM, NCR and Bridgestone/Firestone deemed it necessary that Plaintiffs should move the Court to allow the Agreement to be filed under seal, with the understanding that if such filing were challenged in the future, the Court would retain jurisdiction in order to determine the merits of any such challenge.  Plaintiffs and Bridgestone/Firestone also moved the court to retain jurisdiction so any enforcement issues between or among the parties to the Agreement could be decided by this Court.

The parties to the Agreement are not aware of any entity that has expressed any interest whatsoever in the terms of the Agreement, even those that were contained in the Court's Judgment, Order and Decree.  Further, none of the parties to the Agreement are aware of any prejudice to any person brought about if the Court allows the Settlement Agreement to be sealed.

**CONCLUSION**

For the foregoing reasons, Plaintiffs jointly move this Court: (1) to enter the proposed Order allowing Plaintiffs to submit the GM/NCR settlement to the Court under seal; and (2) to retain jurisdiction to hear and decide any challenges to the sealing of the Agreement, as dictated by the 6th Circuit in *The Procter & Gamble Company v. Bankers Trust Company*.

-5-

Respectfully submitted,

/s/ Vincent B. Stamp
Vincent B. Stamp, Trial Attorney (0013306)
Steve N. Siegel (0068434)
DINSMORE & SHOHL LLP
255 East Fifth Street
Suite 1900
Cincinnati, Ohio 45202
(513) 977-8200

Kevin P. Braig (0061816)
DINSMORE & SHOHL LLP
One Dayton Centre
One South Main Street
Suite 1300
Dayton, Ohio 45402
(937) 449-6400

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Joint Motion was served on each party to this litigation not served electronically by the Court's electronic service system, by ordinary U.S. Mail on November 30, 2007.

/s/ Steve N. Siegel
Steve N. Siegel